Rana Lashgari, Esq. (SBN: 262397)
rana@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff




HYDE & SWIGART
San Diego, California

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clifford G. Stewart Jr.,<br><br>Plaintiff,<br>v.<br><br>Law Office of Curtis O Barnes, PC and Crown Asset Management, LLC,<br><br>Defendants. | '09 CV 2746 BEN WMc<br>**Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

ORIGINAL

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Clifford G. Stewart Jr., (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Office of Curtis O Barnes, PC ("Barnes") and Crown Asset Management ("CAM"), (hereinafter collectively referred to as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendants do business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

12. Defendant Barnes is located in the City of Anaheim, the County of Orange, and the State of California.

13. Defendant CAM is located in the City of Duluth, the County of Gwinnett, and the State of Georgia.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendants are persons or entities who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. At all times relevant, Defendants conducted business within the State of California.

21. Sometime before October 15, 2009, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before October 15, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before October 15, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant CAM for collection.

HYDE & SWIGART
San Diego, California

26. Subsequently, but before October 15, 2009, the alleged debt was then assigned, placed, or otherwise transferred, to Defendant Barnes for collection.

27. Defendant Barnes is an agent or employee of Defendant CAM. Defendant Barnes was acting within the course and scope of its employment, and there was a causal nexus between Defendant Barnes' acts and its employment. Consequently, any illegal actions by Defendant Barnes were the responsibility of Defendant CAM, vicariously, under the doctrine of Respondeat Superior, or other vicarious liability theories, and Defendant CAM is liable for those acts.

28. On or about October 15, 2009, Defendant Barnes mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

29. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

31. Defendant Barnes failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant Barnes would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant

would provide Plaintiff with the name and address of the original creditor. This omission by Defendant Barnes violated 15 U.S.C. § 1692g.

32. Defendant Barnes, a third party debt collector, failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant Barnes, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant Barnes violated the RFDCPA.

33. The letter from Defendant Barnes indicated that Plaintiff allegedly owed $1,504.43 to Defendant CAM for a Wells Fargo Bank debt. Plaintiff does not owe this amount.

34. Through this conduct, Defendant Barnes made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692e(2)(A).

35. Subsequently, on or about October 2009, Plaintiff contacted Defendant Barnes to inquire about the alleged debt. During this conversation, "Ms. Arellano," acting as an agent or employee of Defendant Barnes, yelled at Plaintiff and threatened several times to sue Plaintiff and garnish Plaintiff's wages.

36. Through this conduct, Defendant Barnes used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692f.

37. Through this conduct, Defendant Barnes used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38. Through this conduct, Defendant Barnes used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. Consequently, Defendant Barnes violated 15 U.S.C. § 1692d(2).

39. Through this conduct, Defendant Barnes engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692d.

40. Through this conduct, Defendant Barnes threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant Barnes violated 15 U.S.C. § 1692e(5).

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

42. Subsequently, on or about October 22, 2009, Plaintiff again contacted Defendant Barnes to inquire about the alleged debt and inform Defendant Barnes about Ms. Arellano's abusive conduct. During this call, Plaintiff spoke to attorney Vijai Desai ("Attorney Desai"), also an agent or employee of Defendant Barnes. Plaintiff informed Attorney Desai of Ms. Arellano's unlawful and abusive behavior during the previous call. Plaintiff further requested verification of the debt. Attorney Desai apologized for Ms. Arellano's unlawful behavior and assured Plaintiff that Attorney Desai would send verification of the alleged debt.

43. On or about November 23, 2009, Plaintiff again contacted Defendant Barnes and informed them that Plaintiff had not received any verification of the debt. Plaintiff informed Defendant Barnes that a friend had told Plaintiff that Defendant Barnes must produce verification of the alleged debt within 30 days of Plaintiff's request to verify the debt. Plaintiff was again yelled at and

told by an agent or employee of Defendant Barnes that Plaintiff "had no idea what [he] was talking about," and that Plaintiff's friend "is full of shit." At this point in the conversation, Plaintiff was transferred to a supervisor by the name of "George Riviera," who told Plaintiff never to call Defendant Barnes again.

44. Through this conduct, Defendant Barnes used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

45. Through this conduct, Defendant Barnes used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692f.

46. Through this conduct, Defendant Barnes engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant Barnes violated 15 U.S.C. § 1692d.

47. Through this conduct, Defendant Barnes used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. Consequently, Defendant Barnes violated 15 U.S.C. § 1692d(2).

48. During this same call, George Riviera, acting as an employee or agent of Defendant Barnes, told Plaintiff that the call was being recorded. Plaintiff told George Riviera that Plaintiff was not given notice that the call was being recorded and never consented to being recorded. George Riviera told Plaintiff that Defendant Barnes records all phone calls.

49. On numerous other occasions, Plaintiff contacted Defendant Barnes and spoke to an agent or employee regarding the alleged debt, without being given notice that his phone call was being recorded and without giving consent to such recordings.

50. Defendant Barnes engaged in the acts complained of herein, including but not limited to, illegally secretly monitoring, eavesdropping on, recording, or otherwise making an unauthorized connection to telephone and other conversations between Defendant Barnes' employees and Plaintiff.

51. The California Penal Code is very clear in its prohibition against such unauthorized monitoring and tape recording without the consent of the other person to the conversation: "Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, inductively, or otherwise [violates this section]." Penal Code § 631(a), and, "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication [violates this section]." Penal Code § 632(a).

52. Plaintiff is informed and believes, and thereon alleges, that this surreptitious monitoring, eavesdropping on, recording, or other unauthorized connections to the conversations was accomplished through a machine, instrument, or contrivance, or any other manner prohibited by California Penal Code § 631(a).

53. Plaintiff is informed and believes, and thereon alleges, that this surreptitious monitoring, eavesdropping on, recording, or other unauthorized connections to the conversations was accomplished through the use of an electronic amplifying or recording device prohibited by California Penal Code § 632 (a).

54. Furthermore, Defendant Barnes surreptitiously monitored, eavesdropped on, recorded, or otherwise made an unauthorized connection to Plaintiff's conversations with Defendant Barnes' agents and employees in violation of Penal Code Sections 631, 632 & 637.2, *et seq*. and California privacy laws,

also for the purpose of assisting Defendant Barnes in its collection efforts against Plaintiff.

55. Such monitoring, eavesdropping on, recording, or other unauthorized connection was done in person and over the telephone, all without Plaintiff's knowledge or consent and Plaintiff was damaged.

56. As part of Defendant Barnes' plan to assist Defendants in their efforts to collect delinquent payments from debtors, Defendant Barnes, through its collection representatives, began secretly monitoring, eavesdropping on, recording, or otherwise making an unauthorized connection to Plaintiff's telephone conversations during incoming and outgoing collection calls. On several occasions, Defendant Barnes did not inform Plaintiff that such calls were being monitored, eavesdropped on, recorded, or otherwise being subject to an unauthorized connection, in violation of privacy laws, and Plaintiff was unaware of such activity. Defendant Barnes knew that such conversations were being monitored, eavesdropped on, recorded, or otherwise subject to an unauthorized connection and knew Plaintiff did not know of such activity.

57. During these monitored, eavesdropped on, recorded, or other telephone calls that Defendant Barnes had no authorization with which to connect, Plaintiff discussed sensitive financial information. Such discussion reasonably indicates that Plaintiff desired these telephone calls to be confidential, making these monitored telephone calls "confidential communications" as that term is defined under California Penal Code § 632(c).

58. Such monitoring, eavesdropping on, recorded, or otherwise making an unauthorized connection to these confidential communications would allow an unidentified third party access to Plaintiff's confidential information. As such, Defendant Barnes' monitoring campaign is highly offensive to a reasonable person.

59. Plaintiff is informed and believes, and thereon alleges, that his privacy interest in the statements made during a telephone conversation regarding financial matters is a legally protected interest, and that any invasion of this interest constitutes a serious invasion of privacy.

60. On information and belief, unbeknownst to Plaintiff, Plaintiff spoke on many occasions to Defendant Barnes' agents or employees, or with Defendant Barnes' other agents and employees present, and with Defendant Barnes' illegal monitoring, eavesdropping, recording, or other unauthorized connections in operation, with Defendant Barnes intending to use any information so obtained to engage in further debt collection.

61. As a result thereof, Plaintiff has been damaged.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**AS TO ALL DEFENDANTS**

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

HYDE & SWIGART
San Diego, California

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

## CAL. CIV. CODE §§ 1788-1788.32

## AS TO ALL DEFENDANTS

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

67. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

## ILLEGAL TELEPHONE RECORDING

## CALIFORNIA PENAL CODE SECTION 632

## AS TO DEFENDANT BARNES

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

69. Defendant Barnes intentionally monitored and/or made secret recordings of telephone calls concerning confidential matters between Plaintiff and Defendant, without the consent of Plaintiff, who was a party to the call.

70. This conduct by Defendant Barnes violated section 631 and 632 of the California Penal Code.

71. Section 637.2 of the California Penal Code section provides a civil remedy to Plaintiff based upon Defendant Barnes' violation of California Penal Code section 631 and 632.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An amount of $5,000 for each violation of section 631 and 632 of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiff, whichever is greater.

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 12/2/09

Hyde & Swigart

By: ______________________
Rana Lashgari
Attorneys for Plaintiff

HYDE & SWIGART
San Diego, California

JS 44 (Rev. 12/07)



# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 09 DEC -9 AM 10:25 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA DEPUTY

**I. (a) PLAINTIFFS**
Clifford G. Stewart Jr.,

**DEFENDANTS**
Law Office of Curtis O Barnes, PC and Crown Asset Management, LLC

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Orange
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

'09 CV 2746 BEN WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 12/08/09
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 8110 AMOUNT 350.00 APPLYING IFP JUDGE MAG. JUDGE

MS 12/09/09

ORIGINAL

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008110
Cashier ID: msweaney
Transaction Date: 12/09/2009
Payer Name: HYDE AND SWIGART ATTY AT LAW

---

CIVIL FILING FEE
For: STEWART V LO OF CURTIS BARNES
Case/Party: D-CAS-3-09-CV-002746-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 3562
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00 charged for any returned check.